IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEBORAH CROFT,

     Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

     No. 2:09-cv-01656-KJN

     ORDER TO SHOW CAUSE

     Plaintiff, who is represented by counsel, filed her complaint and motion to proceed in this action in forma pauperis on June 15, 2009. (Dkt. Nos. 1, 2.) On June 19, 2009, this court granted plaintiff's motion to proceed in forma pauperis (Dkt. No. 3) and issued a scheduling order setting forth, among other things, a deadline by which defendant was required to file the administrative transcript and an answer or other response to plaintiff's complaint, and a deadline by which plaintiff was required to file a motion for summary judgment and/or remand. (Dkt. No. 5.) The scheduling order further provides: "The court will not contact counsel or the parties to remind them of these scheduling deadlines. Failure to adhere to the schedule outlined above may result in sanctions, including dismissal." (Dkt. No. 5 at 4.)

     On November 17, 2009, defendant lodged the administrative transcript with the court and filed an answer to plaintiff's complaint. (Dkt. Nos. 11, 12.)

1

On January 4, 2010, the last day plaintiff could file a motion for summary judgment under the court's scheduling order, the parties filed a stipulation and proposed order seeking an order extending the date by which plaintiff would be required to file a motion for summary judgment from January 4, 2010 to March 2, 2010.  (Dkt. No. 14.)  On January 6, 2010, the court approved the parties' stipulation and granted the requested extension.  (Dkt. No. 15.)

The court's docket reveals that plaintiff has not filed a motion for summary judgment, and has not otherwise communicated with the court since the court approved the January 4, 2010 stipulation.  Accordingly, plaintiff is ordered to show cause in writing, on or before March 18, 2010, why this case should not be dismissed for lack of prosecution.  Failure to timely file the required writing will result in dismissal.  See Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal.")

**IT IS SO ORDERED.**

DATED: March 3, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE